[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S SECOND MOTION TO REOPEN JUDGMENT (DOCKET ENTRY #134)
The defendant has again moved to reopen the judgment in this matter. On January 4, 1991, the court previously heard the defendant's motion to reopen claiming that the judgment was entered into based upon an agreement while the defendant was under duress and/or coercion. (It is to be noted that there is a typographical error in the court's Memorandum of Decision dated January 15, 1991 and the word "plaintiff" at the beginning of line four, page one should be "defendant.") The court denied the defendant's motion to reopen the judgment based upon duress and/or coercion. Following that decision, the defendant appealed to the Appellate Court which appeal was dismissed for failure to prosecute.
The defendant has moved to reopen the judgment on the ground that the defendant was suffering Epstein-Barre Disease and as a result thereof suffered chronic fatigue syndrome, total short memory loss, the inability to understand the fact that the CT Page 4254 hearing which occurred on October 22, 1990 was a hearing for a dissolution of the marriage, the inability to knowingly enter into an agreement to be incorporated into an order for a dissolution of marriage and the inability to enter into any agreement on that date.
At the hearing held on January 4, 1991, the defendant complained that she had come to court on October 22, 1990 without sleep for seventy-two hours because she had received a threatening telephone call at 1:15 a.m. on New Year's morning from "a strange man." She stated she was fearful for her life and the health and welfare of her daughter. She testified that she was suffering from a virus and from stress and that Attorney Belinkie appeared "far away." She stated further that she did not hear anything he said at all and that his words did not make any sense.
At the hearing held on April 26, the defendant again testified that she had not slept, that Mr. Belinkie seemed far, far away, that she did not comprehend anything Mr. Belinkie said. The difference this time is that Dr. David Ross, a psychiatrist who started treating the defendant in March of this year, has testified that based upon what the defendant has told him she was suffering from depression and experienced a "panic attack" on October 22, 1990 and that she could not intelligently enter into an agreement. The additional difference is that now Attorney Rosnick has testified that, based upon his observations of the defendant and information he has learned from Dr. Gaffney (who did not appear at the hearing on January 4, 1991 nor at the hearing on April 26), he believes she could not intelligently enter into the agreement; yet on October 22, 1990 he felt she was perfectly competent to do so.
The plaintiff has produced Mrs. Silvestros, a family friend, Mr. Kimball, and Mr. Michael Anastasiou (the parties' son), all of whom, in addition to the plaintiff, testified that the defendant appeared as they have always known her and that they observed nothing about her behavior or conduct that appeared unusual.
The motion recites that the defendant suffered from Epstein-Barre Disease. The defendant testified she was treated by Dr. Shull for this condition. Dr. Ross, who testified, was unable to state whether the depression for which he he was treating the defendant was causally connected to her Epstein-Barre Disease nor that her "panic attack", which he believed she had on October 22, 1990, was causally related to her Epstein-Barre Disease. If the defendant had had the difficulties now claimed by her on October 22, 1990, was not the proper time to raise this issue in her prior motion to reopen? CT Page 4255
The court in its earlier memorandum noted that there must be finality to judgments. The canvas by defendant's counsel and the court is contained in the transcript of the proceedings on October 22, 1990. The court accepted the parties' agreement and concluded that the defendant was aware of the terms and provisions of her agreement. The defendant has the burden of proof on her motion to reopen the judgment. The court finds that burden of proof has not been sustained.
The motion to reopen is denied.
EDGAR W. BASSICK, III, JUDGE